**SINAUKOFE PULA, Petitioner**

**v.**

**VALERIE PULA, Respondent**

High Court of American Samoa
Trial Division

DR No. 20-93

July 20, 1993

Before RICHMOND, Associate Justice, MAILO, Associate Judge, and
LOGOAI, Associate Judge.

Counsel: For Petitioner, Albert Mailo
For Respondent, Marshall Ashley

Order Permitting Service by Publication or Registered Mailing:

On July 9, 1993, in light of the engagement of petitioner's
counsel in a criminal trial by jury and nonappearance by respondent's
counsel, the hearing on petitioner's "motion for leave to file an amended
summons" was taken off calendar. Upon representation by respondent's
counsel that respondent did not oppose petitioner's motion, the hearing
was rescheduled and conducted on July 13, 1993.

The styling of the motion for "an amended summons" is directed
at correcting the English version of the original summons, which omitted
reference to the usual 20-day period, under T.C.R.C.P. Rule 12(a), in
which respondent may serve an answer to petitioner's petition for
divorce, by utilizing an alternative means of service of process.

T.C.R.C.P. Rule 12(a) also permits a different time, prescribed
by court order, in which to appear and defend when, under T.C.R.C.P.
Rule 4(e), service is to be made upon a party who is not an inhabitant or

found in American Samoa. When a party is outside the Territory, T.C.R.C.P. Rule 4(e) authorizes service of a summons, notice, or order in lieu of a summons in the manner prescribed by statute or order.

When an affidavit is filed that personal service cannot be made upon a respondent in a divorce action within American Samoa, due to nonresidency or unknown residency, A.S.C.A. § 43.0501, complemented by A.S.C.A. § 43.0504, permits service of process by publication or registered mailing after issuance of a court order authorizing service of process pursuant to A.S.C.A. §§ 43.0501-43.0504.

Hence, petitioner's motion is treated as an application for an order authorizing issuance of a notice for service of process by publication or registered mailing, pursuant to statute and supplemented by court order.

Petitioner's verified petition for divorce, alleging respondent's residency in Hawaii, meets the affidavit requirement and justifies issuance of a court order allowing service of process by publication or registered mailing, as contemplated by T.C.R.C.P. Rules 12(a) and 4(e), by further compliance with A.S.C.A. §§ 43.0502 and 43.0503 or 43.0504.

Accordingly, good cause appearing, IT IS ORDERED that:

1. Service of process by publication is permitted. Petitioner's notice shall contain and inform respondent of the following, as required by A.S.C.A. § 43.0502(b): (a) petitioner's name; (b) this court's name and that the petition is on file in this court; (c) a statement of the cause of action in general terms; and (d) a statement that unless respondent appears and defends within two months and 10 days from the date of the first publication, which date shall be published as part of the notice, a default will be entered against her and a decree rendered thereon.

2. In accordance with A.S.C.A. § 43.0502(a) and T.C.R.C.P. Rule 4(e), service of process by publication shall be accomplished only by: (a) publication of the notice once each month for two consecutive months in a newspaper of general circulation, genuinely calculated to notify respondent, in this case in Hauula, Hawaii; (b) posting the notice in front of the court house in Fagatogo, American Samoa, for the same two-month, 10-day period; (c) mailing the notice and the petition by registered United States mail to respondent at her last known address; and (d) filing with the court proof of service by publication by affidavits

94

prepared in accordance with A.S.C.A. § 43.0503. *See Memorandum of the Justices*, 3 A.S.R.2d 33 (1986).

3. Alternatively, in accordance with A.S.C.A. § 43.0504 and T.C.R.C.P. Rule 4(e), service of process by publication is not necessary if this order and the petition are served on respondent by registered United States mail at least two months and 10 days before trial and an official return receipt signed by respondent is attached to an affidavit of service by registered mail.